John H. Smith, Respondent, *v.* Henry Alker, Appellant.

. A party to a building contract may waive a stipulation therein that the
    final payment to be made by him shall not be required unless the archi-
    tect shall certify that the contract has been fully performed to his satis-
    faction ; an acceptance of the building as under a completed contract
    is such a waiver, and entitles the contractor to recover the sum due, al-
    though no certificate has been given, and although the architect is not
    satisfied.

The denial by a trial court of an application to postpone or put off a trial is
    not the subject of an exception or available upon appeal to this court.
*It seems* it is proper for consideration on motion of a new trial, and by the
    General Term on appeal from order denying such a motion.
Where a contract provided that differences between the parties shall be
    submitted to arbitrators selected as prescribed, *held*, that, in the absence
    of evidence that defendant took steps for the selection of arbitrators,
    the provision was no defense in an action upon the contract.

(Argued March 11, 1886 ; decided March 26, 1886.)

Appeal from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an
order made September 9, 1884, which affirmed a judgment in
favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in
the opinion.

*Samuel Hand* for appellant.    The discretion of the judge
sitting at the trial of a cause, with reference to the granting or
refusing of a motion to postpone, is not an uncontrolled or un-
controllable one ; but that power must be exercised accord-
ing to the established rules and principles of law.    His decis-
ion, if erroneous, is a cause for reversing the judgment. (*Brill*
v. *Lord*, 14 Johns. 341; *Ogden* v. *Payne*, 5 Cow. 15 ; *Hooker*
v. *Rogers*, 6 id. 577 ; *Howard* v. *Freeman*, 3 Abb. Pr. [N. S.]
292; *Brooklyn Oil Works* v. *Brown*, 7 id. 382.)    In the case
at bar, the refusal to postpone was clearly error, and affected a
substantial right of the defendant. (*Pulver* v. *Hiserodt*, 3 How.
49 ; *Ogden* v. *Payne*, 5 Cow. 15 ; *Hooker* v. *Rogers*, 6 id. 577 ;
*People* v. *Vermilyea*, 7 id. 369, 383 ; *Onderdonk* v. *Rautlett*, 3

Hill, 323; *The King* v. *D'Eon*, 1 Wm. Bla. 510; *S. C.*, 3 Burr. 1513; *People* v. *The Superior Court*, 5 Wend. 125; *Giraudat* v. *Korn*, 8 Daly, 406; *Gregg* v. *Howe*, 5 J. & S. 420.) As the certificates of the architect are to precede the payment by the defendant, it is incumbent on the part of the plaintiff to show a compliance with those conditions precedent before he can maintain his action. (*Butler* v. *Tucker*, 24 Wend. 447; *Smith* v. *Brady*, 17 N. Y. 173, 176; *Wyckoff* v. *Meyers*, 41 id. 143; *Wangler* v. *Smith*, 90 id. 38, 43.) The parties having, by the agreement, selected the person who was to determine when the defendant should be called upon to make the last payment, and what should be certified, the plaintiff cannot recover, except by showing a determination by the party or parties, and in the manner specified. (*Grey* v. *Central R. R. of New Jersey*, 11 Hun, 70, 73; *Tyler* v. *Ames*, 6 Lans. 280; *Smith* v. *Brady*, 17 N. Y. 173; *Wyckoff* v. *Meyers*, 41 id. 173; *Wangler* v. *Smith*, 90 id. 38; *D. & H. Canal Co.* v. *Pa. Coal Co.*, 50 id. 250.) There was no waiver of the conditions precedent by the defendant. (*Smith* v. *Brady*, 17 N. Y. 173; *Krone* v. *Levi*, 1 Hun, 171; *Crane* v. *Kimble*, 43 How. 389.) There was no evidence of waiver of performance on the part of the defendant. (*Shute* v. *Hamilton*, 4 Daly, 471; *Barber* v. *Rose*, 5 Hill, 76; *Delacroix* v. *Buckley*, 13 Wend. 75; *Lattimore* v. *Harsen*, 14 Johns. 330; *Hasbrouck* v. *Tappen*, 15 id. 200; *Little* v. *Holland*, 3 Term R. 590.) There can be no waiver of a condition precedent except there be in the case an element of estoppel. (*Underwood* v. *Farmers' Joint-Stock Ins. Co.*, 57 N. Y. 506; *Ripley* v. *Ætna Ins. Co.*, 30 id. 136; *Palmer* v. *Kelly*, 56 id. 637.)

*Eugene Burlingame* for respondent. A substantial performance of a contract of the kind in suit is all that is required. (*Woodward* v. *Fuller*, 80 N. Y. 312; *Hickman* v. *Pinckney*, 81 id. 211; *Phillips* v. *Gallant*, 62 id. 256; *Glacius* v. *Black*, 50 id. 145; *Nolan* v. *Whitney*, 88 id. 648.) The evidence shows sufficiently that a demand was made for the last certificates, that they were refused, and that the certificates were unreasonably withheld from plaintiff,

which dispenses with their production. (*Nolan* v. *Whitney*, 88 N. Y. 648; *Bowery Nat. Bk.* v. *Mayor, etc.*, 63 id. 336; *Kingsley* v. *City of Brooklyn*, 7 Abb. N. C. 28–45; Mechanics' Lien Law, Kings and Queens Act, §§ 3, 7, 8, chap. 478, Laws of 1862.) The question, whether or not defendant did accept this building, is a question of intention of fact to be determined from all the facts and circumstances in the case and was properly left to the jury. (*Smith* v. *Brady*, 17 N. Y. 173.) If defendant accepted the work plaintiff is entitled to recover. (*Woodward* v. *Fuller*, 80 N. Y. 312; *Hickman* v. *Pinckney*, 81 id. 211; *McKenzie* v. *Dicker*, 23 Daily Reg., No. 137; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 16 Weekly Dig. 275; *Duplex Safety Boiler Co.* v. *Gorden*, 23 id. 113.) If the defendant caused a delay in the work by not furnishing the colors for painting so the plaintiff could proceed with the work, or if he became the cause of delay in any way, then plaintiff is discharged from any liability for liquidated damages in not completing the building within the time specified. (*Week* v. *McCarthy*, 89 N. Y. 566; *Stewart* v. *Keteltas*, 36 id. 388; *Hickman* v. *Pinckney*, 81 id. 211.) The clause in the contract as to arbitration is not a bar to the prosecution of this action. (*Hurst* v. *Litchfield*, 39 N. Y. 377; *Pres. D. & H. C. Co.* v. *P. C. Co.*, 50 id. 250; *Seward* v. *City of Rochester*, 23 Week. Dig. 65; *Gibbs* v. *Continental Ins. Co.*, 13 Hun, 611.) It was as much the duty of the defendant, if he had wanted arbitration in this matter, to have said so to the plaintiff, as it was the plaintiff's business to have proposed it. (*Gibbs* v. *Continental Ins. Co.*, 13 Hun, 611.) Defendant's motion to dismiss the complaint at the close of plaintiff's evidence was properly denied. If there was a defect of proof at that time on the part of plaintiff, and it was afterward supplied by either party, the defect is cured and a new trial will not be granted. (7 Wend. 377; 11 N. Y. 102; 6 Duer, 382, 412; *Leslie* v. *Knickerbocker Co.*, 63 N. Y. 27.)

DANFORTH, J. The action is brought upon a building contract for the balance due, and also for extra work. It was a

condition of the contract that the building should be complete
and perfect in every respect by the 1st of May, 1882, "to the
satisfaction of N. LeBrun & Son, architects," "and that no pay-
ment should be made until a certificate of the architects that
the payment is due has been presented to the owner, nor the
last payment be required until the building is complete and
perfect, nor unless the architects shall also certify that the con-
tract has been fully performed, and the work finished, com-
plete and perfect in every respect, and to his satisfaction." It
was also provided that any dispute concerning the construction,
or meaning of the plans, "shall be decided by the architects,"
and their decision be final and conclusive, and that any other
difference between the parties shall be submitted to the arbi-
tration of two competent and disinterested persons selected in
a manner prescribed by the contract. The contract also pro-
vides for penalties to be imposed upon the builder for delay in
the completion of the work. It appears by the evidence that
the work was not completed at the time specified in the con-
tract; that from time to time fault was found by the owner
with the slow progress of the work, and its character, but it
was also in evidence that afterward he moved into and con-
tinued to occupy the house, and two questions were submitted
to the jury: *First*, did the defendant accept the house as a
complete building under the contract; *second*, if it was so ac-
cepted, was the delay in its completion occasioned by the de-
fendant's own fault.

It cannot be doubted that under the terms of this con-
tract no claim could be made for payment for any work
or services, unless accompanied by a certificate of the archi-
tects. This provision is repeatedly inserted in the contract,
and it was the obvious intention of the owner to be pro-
tected at all points by the judgment, skill and opinion of the
architect to whom had been intrusted the supervision of the
building. The certificates were not given, but as it was in the
power of the owner to impose as condition of liability that the
certificates should be procured, so it was in his power to waive
their production, and if, by any act of his, he prevented the

architect from certifying, or interfered with him in a conclusion which might justify and require a certificate, he cannot complain if the builder is permitted to recover without its production.

In the case before us it appeared that the builder applied to the architect for his certificate in regard to the character and cost of the extra work, but he refused to give it, and this refusal was put upon the ground that the owner had instructed him to give no more certificates.  This evidence was received without objection, and it was not controverted.  It also appears by the evidence of the plaintiff that he finished the house about the first of July, and by the evidence of the defendant that the plaintiff called upon him, and requested payment, and at that time he said, " Mr. Smith, the work is not done yet.  Go on and finish the work; your money is ready whenever the house is done."  The builder replied, " Well, what do you want me to do ? "  The defendant said, " Finish the doors, look at the trimming of the house, where the plastering is, look at the cracks."  The plaintiff replied, " Well, I will attend to that."  It was put off from time to time.  The defendant then adds : " The last time Mr. Smith called upon me for settlement I told Mr. Smith, ' I am ready to settle with you, but I have a claim against you ; under your contract you are under a penalty for stipulated damages for every day after the first day of May that you have delayed me in having my building ; ' he asked me what is that ?  I replied, ' You can calculate, you called Mr. LeBrun to make a final inspection of the building on the thirtieth of August, by that you admit that the building was not completed until that time ; now you can calculate from that time, I will charge you nothing after that, and fix the amount.  I will give you a check for it.' "

Now the jury might well find from that evidence that the work was considered as completed and finished to the satisfaction of the owner, at any rate as early as the thirtieth of August.  That is the admission of the owner.  The only question raised by him was as to the penalty for delay in the completion of the building.  Upon this evidence, therefore, the judge was justi-

fied in leaving it to the jury, saying as he did, that if this was accepted as a completed contract, the only remaining question was whether the delay after the first of May was occasioned by the defendant's own fault, or whether the claim based upon it was waived by him, at the same time stating the amount of the plaintiff's claim as established, to be $5,368.57, provided he was not at fault, or if the defendant waived the condition as to its completion within the specified time; otherwise, he said, you will deduct from that amount the sum of $2,950, being the aggregate penalty for delay from the first of May to the thirtieth of August.

On the other hand it was contended on the trial by defendant's counsel that in no event, no matter how complete the satisfaction of the defendant, a recovery could not be had without the production of the architect's certificate and refusal on defendant's part to pay according to its terms; without that, he claimed, there could be no breach, consequently no right of action. The view of the court was to the contrary. It held, and so instructed the jury, that the defendant could waive the stipulations he had introduced into the contract for his own benefit, and that if he accepted the house as under a complete contract, the plaintiff would be entitled to recover although no certificate had been given, and even if the architect was not satisfied. This was the principal question presented; it was, we think, rightly decided, and the verdict of the jury was a complete answer, not only to the matter of defense, but also to the counter-claim.

Some other points are made by the appellant: *First*, that the trial judge improperly denied the defendant's application to postpone, or put off the trial. This fact was proper for consideration upon motion for a new trial, and by the General Term upon appeal from the order denying it, but is not the subject of exception, or available upon appeal in this court. *Second*, that the difference between the parties should have been submitted to arbitrators under the clause in the contract relating to arbitration. No evidence was given that the defendant took any steps for their selection. It was not more

the duty of the plaintiff than that of the defendant to do so. We need not inquire, therefore, how far, if at all, such defense would have availed.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.