## WILLIAMS *et al. v.* SHIELDS.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

CONTRACT—ARBITRATION—DEFENSE.

    A provision in a building contract, that differences between the parties respecting the value of extra work shall be submitted to arbitrators selected as prescribed, is no bar to an action to recover for such work, in the absence of evidence that defendant took steps for the selection of arbitrators.

Appeal from judgment on report of referee.

Action by Richard Williams and Edward Jones against Denis Shields. From a judgment entered in favor of plaintiffs, defendant appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*B. G. Oppenheim,* for appellant. *Scott Lord,* for respondents.

LARREMORE, C. J. This is an action to foreclose a mechanic's lien, and was tried before a referee, who has found in favor of plaintiffs, both for the balance due on the original contract and for the amount of $702.38, claimed for on account of alleged extra work. No objections have been made to the technical sufficiency of the lien as filed. Appellant, however, contends that, at least as to said extra work, the complaint should have been dismissed, because the contract provided for the settlement of any dispute that might arise as to compensation for extra work by arbitrators. The clause in question is as follows: "Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by ———, and his decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons—one employed by the owner,

and the other by the contractors, and those two shall have power to name an umpire, whose decision shall be binding on all parties."

The learned counsel for appellant in effect argues that the existence of such provision in the contract is an absolute bar to any suit in a court for the recovery of the value of extra work. We cannot agree with him in this contention. The question was briefly referred to and passed upon in *Smith* v. *Alker*, 102 N. Y. 87, 5 N. E. Rep. 791, at the close of the opinion, on pages 92 and 93, where it is held that it is as much the duty of the defendant as of the plaintiff to take active steps for the selection of arbitrators and the settlement of the disputed points by that method; and that if neither party has sought to avail himself of the privilege to submit the controversy to arbitration, the existence of such a clause in the contract will constitute no bar or defense to a suit at law for the amount alleged to be due. This is our understanding of the answer made by the court of appeals in a case similar in its facts, though not identical in form, and certainly analogous in principle to the same argument appellant now urges; and we regard such decision as binding and conclusive upon us.

Appellant also contends that the learned referee did not decide the questions of fact that arose according to the fair preponderance of evidence. We have examined the record with care, and discover nothing to induce us to modify the referee's findings. The conclusions of fact are not against the weight of evidence. There was much conflict in the testimony of the experts on both sides as to whether the job was done in a proper and workman-like manner. The referee seems to have been considerably influenced by the fact that defendant voluntarily made two payments on account of the amount due for work, after the same had been completed, and, therefore, presumably with full knowledge of the alleged grave defects of which he now complains. This circumstance, with others, led the referee to conclude that the determination to dispute plaintiffs' bill was an afterthought. There is considerable force in this consideration; and, furthermore, we are unable to determine how much there was in the manner and appearance of the different witnesses which induced the referee to believe plaintiffs' witnesses rather than defendant's. These elements may always legitimately be taken into account by a trial court. Moreover, one or two of defendant's witnesses made some very significant concessions in favor of the plaintiffs. It does not seem to be contended on behalf of the respondents that the work and materials were of the very best quality that could be supplied. It appears that the building in question was erected on leased premises, and one of the plaintiffs swears that defendant said that, as he (defendant) had only a 10 years' lease of the premises, he wished as cheap a building to be erected as would pass the examination of the building department. The referee evidently believed this statement, and, taking it as true, it explains many of the criticisms upon the structure made by defendant's experts which might be sufficient to defeat the right of recovery in an ordinary case, where only first-class materials and workmanship were contracted for. It was obviously the intention of both parties that second-class materials should be made use of; and, under such circumstances, the questions whether or not the contract was substantially performed, and the extra work and materials were reasonably worth the prices charged for the same, were peculiarly questions of fact to be determined by the referee upon all the evidence submitted. There is nothing to show that he did not decide the same in accordance with substantial justice and the real agreement of the parties.

Of course, as the owner permitted the contractors to go on and complete after the contract time had expired, and has since accepted the buildings, he cannot deny their right to sue for the contract price. There was sufficient evidence from which the referee might infer and find, as he did, that the delay in the completion of the buildings was caused by defendant's failing to

carry out the contract on his part in not excavating and furnishing materials in time, by the necessary interference with the original plans on account of extra work ordered, and by the occurrence of rainy days. Accepting the referee's finding on this point, we think he correctly disallowed any claim for damages by reason of such delay in completion.

We have examined the other exceptions taken at the trial and points raised on this appeal, and do not find anything which induces us to interfere with the judgment as rendered, or requires any special notice. The judgment appealed from should be affirmed, with costs.