## BRADY v. MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Superior Court of New York City, General Term.* May 5, 1890.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ACCEPTANCE.

   Where a contract to grade a street required the work to be done to the satisfaction of the commissioner of public works, and according to the plans and specifications, and a certificate of completion and acceptance has been signed by the commissioner of public works, and other officers connected with street improvements, and it is not denied that the work was done as directed by those officers, a contention, after the street has been in use for four years without objection to the work, that the rock was not taken out below the curb, as required by the contract, cannot be sustained; and a verdict is properly directed for the contract price of the work.

2. SAME—IMPEACHMENT OF ENGINEER'S CERTIFICATE.

   To impeach, on the ground of fraud or mistake, the engineer's certificate as to the amount of work done, the evidence must be clear and positive.

Appeal from jury term.

Action by Bernard Brady against the mayor, aldermen, and commonalty of the city of New York. The trial court ordered a verdict for the plaintiff on the first cause of action, and dismissed his complaint on the second cause of action; the reasons assigned at folio 173 of the case being as follows: "The alleged second cause of action is that, by making a false final certificate, the engineer in charge allowed to the plaintiff 7,783 cubic yards of earth less than should have been allowed to him. If this had been so, it would involve that the same number of cubic yards of rock were allowed in place of the earth, when they should not have been allowed at all. The consequence would be that the entire final certificate would have to be disregarded, and the plaintiff, if he could recover at all, would have to recover both upon his first as well as upon his second cause of action, without any certificate at all. This he probably could do, if upon the proofs the case were one of a fraudulent certificate, or one of no certificate at all, because the proper certificate was unreasonably withheld, like the case of an architect who unreasonably withholds the proper certificate. There are also some cases in which a palpable mistake has been sometimes held to have the same effect, but in every such case the palpable mistake was a mistake so palpable that it was clear beyond dispute. But the evidence in this case does not establish such a case. Leaving out of view for a moment the testimony of Klinckerfeus, the testimony of all the other witnesses is extremely vague and unsatisfactory. It really establishes nothing. The mere fact that Klinckerfeus, the assistant of Herman K. Viele, [the surveyor,] made a certain map which seems to support plaintiff's contention, and that Viele, on being shown said map, remarked to the plaintiff, 'Oh, I know all about that,' is not sufficient to establish that subsequently Viele made a wrong or fraudulent classification of the quantities of earth and rock. Klinckerfeus may have made that map according to certain appearances as they presented themselves to him, at a certain time; but Viele was the man who subsequently had to make the final classification of the quantities upon the facts and circumstances in the case, according to the peculiar provisions of the contract. These provisions, certainly, were very peculiar; and, according to them, Viele's decision, in the absence of fraud or palpable mistake, was to be final. There being no evidence of fraud, or such a palpable mistake as is equivalent thereto, the consequence is that the final classification of quantities, and the quantities as classified, as made by Herman K. Viele under and in pursuance of the provisions of the contract, must be held to be conclusive upon the parties; and by this I mean upon both parties. The consequence is that the complaint must be dismissed as to the second cause of action. The further consequence will be, especially as the defendants have admitted the binding force of the certificate upon them so far as the classification of quantities and the quantities as classified is concerned, that the defendants, upon

their defense as against the first cause of action, cannot be permitted to disturb the classification as made." Both parties appeal.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*L. Laflin Kellogg*, for plaintiff. *William H. Clark*, Corp. Counsel, for defendant.

O'GORMAN, J. The complaint presented two causes of action. As to the first cause of action, the trial judge directed the jury to find for the plaintiff in the sum of $44,163.26, the full amount of his claim, as far as that cause of action was concerned, and the defendant excepted. As to the second cause of action, which was for the recovery of $62,264, the trial judge dismissed the complaint, and the plaintiff excepted.

As to the first cause of action, it was brought by the plaintiff, Bernard Brady, as assignee of John Brady, to recover the amount ($37,371.81) claimed to be due said John Brady by the defendant, under a contract for regulating and grading Ninety-Fifth street, in the city of New York, from Tenth avenue to Riverside drive. It is admitted by the defendant that the work done by Brady, the assignor, was accepted and received by the commissioner of public works, acting on behalf of the defendant; that all the excavation of the earth and rock called for in the contract referred to was completed in due time. All the work, so far as required by any of the officers of the defendant under the contract, has been performed by the plaintiff's assignor, and the work has been accepted by the defendant. A certificate of completion and acceptance, signed by the surveyor, by the superintendent of street improvements, by the chief engineer of the Croton aqueduct, and by the commissioner of public works, as required, was duly made and filed. The work provided for in the contract was, by its terms, to be completed to the satisfaction of the commissioner of public works, and in substantial accordance with the specifications and plans therein mentioned. It is not disputed that the work was done as required and directed by these officers, who had the work in charge on behalf of the defendant. The defense is that a certain portion of the rock was not in fact taken out two feet below the curb. The testimony produced to support that position is indefinite and uncertain. The witness does not deny that the work was done under the charge of the engineer and assistant officers of the defendant, and in all respects as directed by them. There is nothing in the testimony to contradict the evidence on behalf of the plaintiff that the rock was substantially taken out to the satisfaction of the commissioner of public works, and of the other officers of the defendant. In fact the defendant accepted the work, and never required the plaintiff's assignor to do anything more in performance of the contract; and the street has been in general use for four years since it was taken possession of by the defendant. The various officers of the city who have signed certificates testifying to the sufficient completion of the work by the contractor, Brady, must be regarded as representing the city; and, in the absence of any evidence of fraud, their deliberate certificate must be regarded as binding on the city. *Mulholland* v. *Mayor, etc.*, 113 N. Y. 632, 20 N. E. Rep. 856; *People* v. *Stephens*, 71 N. Y. 550. The acceptance of the work, of itself, by the city, without objection, and the application of the work, when accepted, to public use, are strong evidence that the contract has been practically and sufficiently carried out. *Kingsley* v. *City of Brooklyn*, 78 N. Y. 200; *Smith* v. *Alker*, 102 N. Y. 87, 5 N. E. Rep. 791. Thus the preponderance of evidence was clearly on the side of the plaintiff, and the learned trial judge was justified in directing a verdict for the plaintiff. It appears that the learned counsel for the plaintiff and for the defendant both asked for the direction from the court; and it is my opinion that, as to the first cause of action, the direction of the trial judge was clearly right.

As to the second cause of action, the trial judge dismissed the complaint; and his ruling is fully justisfied by the reasons given by him on the trial, and which are set forth in page 44, folio 173, of the case on appeal. The plaintiff's contention that the certificate of the defendant's official engineer in charge of the work was wrong, to the injury of the contractor, by reason of the fraud or corruption of the engineer, is not sustained by such clear preponderance of evidence as is required in proof of such a charge. Indeed, the strong presumption of the correctness of the official certificate, which went far to support the plaintiff's first cause of action, tended to defeat his contention as to the second cause of action.

On the whole case, I am of the opinion that no substantial error has been committed at the trial, and that the judgments as entered below should be in all respects affirmed.