### VAN NOTE v. COOK.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. BUILDING CONTRACT—ACTION FOR EXTRA WORK—DEFENSE—AGREEMENT TO ARBITRATE.

In an action by a building contractor for extra work alleged to have been performed by him, it is no defense that the contract provided for arbitration of any dispute respecting its value; defendant neither having taken steps to select arbitrators, nor demanded or offered arbitration.

2. SAME—DEMAND AND REFUSAL—INSUFFICIENT EVIDENCE.

Defendant, in an action by a building contractor for the value of extra work, claimed that the contract provided for arbitration, and testified that he told plaintiff that he would never pay the amount claimed unless it was arbitrated; that he thereafter said he would never pay it unless it went through the courts; and that, when plaintiff again asked him if it was not possible to fix up matters, he told him there was no way, unless it was by arbitration. On the other hand, plaintiff's evidence went to show that all that was ever said on the subject was on one occasion, when defendant said: "This bill is high; we'll have to settle it by arbitration," or "arbitrate it." *Held*, that the refusal of the referee therein to find that arbitration was demanded by defendant, and refused by plaintiff, was fully justified.

Appeal from judgment on report of referee.

Action by Peter J. Van Note against John A. Cook. From a judgment for plaintiff entered on the report of a referee, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. B. Barnum, for appellant.
Hector M. Hitchings, for respondent.

HIRSCHBERG, J. The plaintiff sues to recover the sum of $1,-081.55 for extra work, labor, and materials alleged to have been performed and furnished under a contract for the erection of a pavilion and alterations to a hotel at Coney Island. In the complaint it is alleged, and on the trial it was proven, that the plaintiff was in possession of a certificate given by the defendant's architect and superintendent, to the effect that the work to recover payment for which the suit is brought was all extra work, was all done in a good and workmanlike manner, and that all the prices charged were

reasonable and proper. The original contract price was $6,500, and this the complaint alleges has been paid in full. The answer denies the payment in full of the contract price; alleges improper material and work, both in the work originally contracted for and in the extra work; denies the jurisdiction of the architect to determine the value of the extra work, which the defendant avers should be submitted to arbitration under the contract; alleges a payment on account of the extra work in the sum of $300; and sets up specific items of credits claimed and of damages by way of counterclaim. The contract provided that the defendant, the owner, "may make all alterations, by adding, omitting, or deviating from the aforesaid plans, drawings, and specifications, or either of them, which he shall deem proper, and the said architect shall advise, without impairing the validity of this contract; and in all such cases the said architect shall value or appraise such alteration, and add to or deduct from the amount herein agreed to be paid to the said first party the excess or deficiency occasioned by such alteration, but, should any dispute arise respecting the true value of any carpenter works added or omitted by the contractor, the same shall be valued by two competent persons, one employed by the owner and the other by the contractor, and these two shall have the power to name an umpire, whose decision shall be binding on all parties." The main point urged on the appeal is that the defendant was entitled and endeavored to have the controversy settled by arbitration, which the plaintiff refused, and that, therefore, the action cannot be maintained. Assuming that the language quoted provided for arbitration under the circumstances of this case, the extra work being concededly ordered by the defendant, the fact furnishes no ground for reversal. "It appears to be well settled by authority," said Judge Allen in President, etc., of Delaware & Hudson Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250, 258, "that an agreement to refer all matters of difference or dispute that may arise to arbitration will not oust a court of law or equity of jurisdiction." And in Smith v. Alker, 102 N. Y. 87, 5 N. E. 791, it was expressly held that, "where a contract provided that differences between the parties shall be submitted to arbitrators selected as prescribed," "in the absence of evidence that defendant took steps for the selection of arbitrators the provision was no defense in an action upon the contract." The court said (page 92, 102 N. Y., page 793, 5 N. E.), referring to the arbitrators: "No evidence was given that the defendant took any steps for their selection. It was not more the duty of the plaintiff than that of the defendant to do so."

In this case there is not the slightest evidence that the defendant either took steps for the selection of arbitrators, or even demanded or offered arbitration. He testified, referring to the plaintiff:

"I told him that it was impossible for me to owe him that amount of money, and that I would never pay it unless it was arbitrated through a court of arbitration. * * * After that Mr. Brinkerhoff came to me, and said he thought the bill was correct. I said I knew it was not correct, and that I would never pay it unless it went through the courts."

And again:

"Van Note asked me if it wasn't possible to fix up matters, as he was very short of money. I told him that there was no way that I could see of fixing up matters, unless it was by arbitration."

We think these conversations are insufficient to establish an attempt on the part of the defendant to have arbitrators selected, or a demand or offer on his behalf to that effect, with a refusal on the part of the plaintiff; and in view of the plaintiff's evidence that all that was ever said on the subject was on one occasion, when the defendant said:' "This bill is high; we'll have to settle it by arbitration," or "arbitrate it,"—we think the refusal of the referee to find that arbitration was demanded by the defendant and refused by the plaintiff was fully justified.

The record is voluminous, and many questions are presented affecting the details of the claim and counterclaim. The result reached by the referee is a just and fair one, with which none of the rulings warrants interference. The judgment should be affirmed.

Judgment of the county court of Kings county affirmed, with costs. All concur