CLARK et al. v. MT. GILEAD BAPTIST CHURCH et al.

(Supreme Court, Appellate Term, First Department.    December 20, 1915.)

1. PAYMENT ⊚⟹76—BUILDING CONTRACTS—QUESTIONS FOR JURY.

In an action for payment on a building contract, the question whether there was a failure to agree as to matters of payment, or merely a failure to pay as per agreement, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 240–248; Dec. Dig. ⊚⟹76.]

2. CONTRACTS ⊚⟹285—BUILDING CONTRACTS—CONSTRUCTION—"FAILURE TO AGREE ON MATTERS OF PAYMENT."

Where a building contract provided that, in case the owners and contractors failed to agree on matters of payment, the matter should be referred to a board of arbitration, the decision of which shall be final, mere failure to make payment on demand is not a "failure to agree on matters of payment."

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1290, 1291, 1303, 1304; Dec. Dig. ⊚⟹285.]

3. CONTRACTS ⊚⟹285—BUILDING CONTRACTS—CONSTRUCTION.

Where a building contract provided for arbitration of differences concerning payments, the owner, if desirous of defeating an action for payment provided in the contract by reason of that stipulation, must show his offer to arbitrate; the contractors not being any more bound than the owner to make such an offer.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1290, 1291, 1303, 1304; Dec. Dig. ⊚⟹285.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Clark and another against the Mt. Gilead Baptist Church and another. From a judgment dismissing the complaint, and an order denying new trial, plaintiffs appeals. Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Breitbart & Breitbart, of New York City (Bernard Breitbart and Charles Breitbart, both of New York City, of counsel), for appellants. Wilford H. Smith, of New York City, for respondents.

GUY, J.    This action was brought to recover the reasonable value of work performed and materials furnished, and for damages suffered by reason of defendants breach of contract. Plaintiffs entered into a written contract with defendants for the construction of a building, which contract provided for payment to plaintiffs of a first installment of $1,000 on August 23, 1915, "when the excavation is done, the concrete installed, and the foundation wall built up to the grade." Plaintiffs introduced evidence to the effect that all of the work required by the contract to be finished prior to the payment of the first installment was completed some time before August 23, 1915, that they then demanded payment of said installment, that no objection was made that the work had not been performed as required by the contract, and that payment was refused solely on the ground that defendants had not the money on hand, not having yet succeeded in raising sufficient money for the purpose.

[1, 2] On cross-examination one of the plaintiffs admitted that, at

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

one of the times when he demanded payment, his attention was called to one or more details of the work performed, but testified that payment was never refused on the ground that plaintiffs had not performed the requisite work as called for by the contract. Defendants' witnesses, on the other hand, testified to a distinct refusal of payment by defendants, based upon the contention that plaintiffs had failed to substantially perform the work required by the contract before payment of the first installment. The contract provides:

"In the case the owners and contractors *fail to agree in relation to matters of payment*, then the matter shall be referred to a Board of Arbitration to consist, etc. * * * The decision of any two of this board shall be final and binding on both parties hereto."

The contention of the respondents that mere failure to comply with plaintiffs' demand for payment constituted a failure "to agree in relation to matters of payment," within the meaning of this clause of the contract, is untenable. Such construction of the arbitration clause of this contract would be, in effect, to hold that, notwithstanding an entire agreement upon price, and in the absence of any contention by the owners that the contractors had failed to fully perform their contract, in the event of nonpayment by the owners, the contractors would be compelled to accept, in lieu of the contract price for their work, such sum as a board of arbitration might allow them. This would be as absurd as to hold that if a contractor admitted failure to substantially perform his contract, but at the same time demanded full payment, the owners would be compelled to pay for whatever work the contractor had done such sum as arbitrators might award, notwithstanding the contractor's admission of nonperformance. Were such the true meaning of this provision of the contract, it would not be enforceable in a court of law. Nat. Contracting Co. v. Hudson, etc., Co., 192 N. Y. 220, 221, 84 N. E. 965.

On the conflicting evidence it was for the jury to determine whether there was a failure to agree as to matters of payment, or merely a failure to pay as per agreement. In determining this question of fact, and refusing to submit it to the jury, the learned trial judge committed reversible error.

[3] In dismissing the complaint the learned trial judge held, in substance, that the provision for arbitration was a condition precedent to any right of recovery on the part of the plaintiffs under the contract, whether or not the evidence showed a failure to agree as to matters of payment. This was also clearly erroneous. Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348; Del. & Hudson Canal Co. v. Penna. Coal Co., 50 N. Y. 250. To avail themselves of the arbitration clause as matter of defense, it was essential that the defendants should plead and establish by competent proof an offer to arbitrate. It was no more obligatory on the plaintiffs to make such an offer than on the defendants. Van Note v. Cook, 55 App. Div. 55, 66 N. Y. Supp. 1003, 1004; Smith v. Alker, 102 N. Y. 87, 5 N. E. 791.

For these reasons, the judgment and order must be reversed, and new trial ordered, with costs to appellants to abide the event. All concur.