LEONARD v. PEOPLES TOBACCO WAREHOUSE CO.

(122 S. E., 678)

1. APPEAL AND ERROR—ADMISSION IN EVIDENCE OF AWARD HELD NOT PREJUDICIAL.—Where allegations that plaintiff, contractor, performed extra work at defendant's request amounting to a stated sum, were not denied, defendant cannot complain of admission in evidence of an award covering that point, and also the point that plaintiff had not completed his contract in certain particulars.

2. APPEAL AND ERROR—ADMISSION OF LETTER HELD NOT PREJUDICIAL.— The admission of a letter which was decidedly more favorable to defendant than to plaintiff *held* not prejudicial to defendant.

3. EVIDENCE—LETTER WHICH WITNESS TESTIFIED HE WROTE AS RESULT OF INSPECTION HELD ADMISSIBLE.—Where witness testified that he went to inspect premises in question and letter to plaintiff's attorney was result of his inspection, he in effect adopted the letter as his testimony, and it is admissible.

4. CONTRACTS—WHETHER CONTRACTOR HAD COMPLIED WITH REQUIREMENTS OF ARBITRATION HELD FOR JURY.—Whether building contractor had fully complied with the requirements of an arbitration *held* for the jury.

5. DISMISSAL AND NONSUIT—NONSUIT HELD REMEDY FOR PREMATURE ACTION.—If an action is prematurely brought, plaintiff is subject to be nonsuited; but defendant is not entitled to a directed verdict which would bar plaintiff from future recovery.

6. CONTRACTS—WHETHER ACCEPTING POSSESSION OF BUILDING WAIVER OF STRICT PERFORMANCE OF CONTRACT FOR JURY.—Whether defendant, by accepting possession of a building and occupying it for more than four years, waived strict performance of the contract to build it, *held* for jury.

Before W. S. NELSON, SPECIAL JUDGE, Sumter, April, 1923. Affirmed.

Action by S. S. Leonard against Peoples Tobacco Warehouse Co. Judgment for plaintiff and defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Evidence as to award not sued on was erroneously admitted:* 24 S. C., 301; 148 N. C., 552; 50 So., 917; 147 S. W.; 1024; 111 S. W., 846; 121 S. W., 759; 142 S. W., 60; 92 S. C., 415; Rice L., 162; 55 S. C., 528. *In suit on express contract there can be no recovery on a quantum meruit:* 87 S. C., 84; 87 S. C., 250; 78 S. C., 81; 141 S. W., 169. *Secondary evidence without malice to produce inadmissible:* 77 S. C., 294; 68 S. C., 99; 22 C. J., 909. *Or without proof of loss of original* 75 S. C., 346; 79 S. C., 250; 37 S. C., 285. *Hearsay reduced to writing is still objectionable:* 52 S. C., 429; 22 C. J., 207; 30 S. C., 310; 49 S. E., 729. *What amounts to performance of building contract:* 9 C. J., 742-3; 5 C. J., 214.

*Messrs. Reynolds & Reynolds,* for respondent, cite: *Courts favor awards:* 62 S. C., 125; 92 S. C., 277; 55 S.

C., 367.   *Acceptance of building waives necessity of architect's certificate:*   102 N. Y., 87.   *Award binding in absence of fraud:*  .62 S. C., 105.   *What is substantial performance:*   6 R. C. L., 966; 13 C. J., 786.

April 29, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff constructed a warehouse for the defendant under a contract by which he was to receive $13,246 for the job.   The work was done under plans and specifications prepared by the architect, who was charged with supervision of the construction.   The building was substantially completed by the time agreed upon, and the defendant took possession of it.   This was in July, 1919, since which time the defendant has used it for the purpose intended.   When the defendant entered, there had been paid upon the contract price all but $436.16 out of $13,246.   A controversy arose between the parties in reference to certain matters as to which the defendant complained, and a bill of $287.51 for extra work claimed by the plaintiff.

Under the terms of the contract all questions in dispute should be submitted to arbitration.   Accordingly, this was done, and the arbitrators made a finding that, before the plaintiff would be entitled to a settlement as for a completed contract, certain work should be done by him consisting of truss rods, bolts, strips above skylights, and leaks stopped, if any, at a cost as the architect testified of between $25 and $100; they also found that the plaintiff had done extra work to the amount of $287.51.   The controversy was renewed; the plaintiff claiming that he had complied with the finding of the arbitrators; the defendant, not.

In September, 1920, the plaintiff instituted this action, upon the contract, alleging that the defendant owed him $723.67, which was made up of the extra work, $287.51, and balance on the original contract price, $436.16.   The de-

fendant in its answer admitted the contract, admitted that extra work to the amount of $287.51 had been done, denied that the plaintiff had complied with the contract, admitted sundry payments had been made, and denied that it owed the plaintiff the balance claimed of $723.67.

After much evidence the jury returned a verdict of $600 in favor of the plaintiff, and the defendant has appealed.

The exceptions, 22 in number, are reduced to the following assignments of error:

(1) Admission of the award of arbitrators.

(2) Admission of the letter from the plaintiff to McKeiver, the architect, dated June 10, 1919.

(3) Admission of the letter from McKeiver to the plaintiff, dated October 7, 1919.

(4) Admission of the letter from J. J. Whilden, one of the arbitrators, to Mr. Reynolds, attorney for plaintiff.

(5) Refusal of motion for a directed verdict in favor of the defendant.

They will be considered in the order named:

1. *Admission of the Award of the Arbitrators.*—It is manifest from the terms of the award, and from the evidence in the case, that when the building was turned over by the contractor to the owner and occupied by it, there existed a dispute between them as to the completion of the building according to contract, and as to the extra work claimed by the plaintiff to have been done by him. The award determined that there were several items as to which the contract was incomplete and that the plaintiff was entitled to $287.51 for the extra work. The arbitration and the award had been consummated in accordance with the contract, and both parties were bound by the findings of the arbitrators. It does not appear that the submission covered the matter of the amount due by the owner to the contractor; it must be assumed that it covered only the matters in dispute between the parties as evidenced by the award. It was impossible for the contractor to have brought suit

upon the award, for it covered only the two points that the contract had not been completed in certain particulars and that the contractor was entitled to credit for the extra work. As to the deficiencies, the owner certainly has no right to complain, as the findings were in his favor.   As to the extra work, it appears that in the complaint it is alleged that the plaintiff, "at the request of the defendant, furnished extra material and did extra work in the completion of said contract amounting to the sum of $287.51," which allegation is not denied in the answer.   The defendant has no ground to complain that the award confirms this admitted statement.

In 5 C. J., 168, it is said:

"In addition to the effect to be given a valid award as merger and bar, it is also constructive evidence of facts necessarily involved in the arbitration whenever, in a subsequent litigation between the same parties or their privies, the same facts are brought directly in issue."

In *Gannon v. Anderson,* 2 Bailey, 346, it is held:

"A parol submission to arbitration, and an award thereon, are admissible in evidence, under a count on the original cause of action."

In *Southern Iron Co. v. Power Co.,* 109 Mo. App., 353; 84 S. W., 450, it was held that when the construction of a contract was submitted to arbitration, in an action upon the contract, and award was admissible and binding.

2. *Admission of the letter from the Plaintiff to McKeiver, the Architect, Dated June* 10, 1919.—The letter has little, if any, bearing upon the controversy, certainly not enough to warrant a reversal of the judgment, even if inadmissible.

3. *Admission of the Letter from McKeiver to the Plaintiff Dated October 7,* 1919.—This letter contains an itemized criticism of the plaintiff's work and is decidedly more in favor of the defendant than of the plaintiff.   Its admission could not possibly have prejudiced the defendant.

4. *Admission of the Letter from J. J. Whilden, One of the Arbitrators, to Mr. Reynolds, Attorney for the Plaintiff, Dated March 17, 1920.*—Whilden was one of the arbitrators who signed the award dated January 15, 1920, recommending that certain deficiencies be supplied. At the time of the trial he was ill and his testimony was taken by deposition. He testified that after the plaintiff called him up and told him that he had complied (evidently, with the recommendations of the arbitrators), he went down and inspected the work and wrote the letter objected to, which was to the effect that the plaintiff, in his opinion, had complied with the requirements of the award except certain small leaks in the roof which could easily be fixed. The witness stated that the letter to Mr. Reynolds (the one objected to) "was the result of the inspection." He in effect adopted the letter as his testimony, which he had the right to do. *Gwathmey v. Foor,* 121 S. C., 237; 113 S. E., 688, where it is held that a witness identifies a memorandum practically contemporaneous with the fact and, vouching for its correctness, it becomes admissible.

5. *Refusal of Motion for a Directed Verdict in Favor of the Defendant.*—In view of the evidence, I do not see how it was possible for the Circuit Judge to have directed a verdict for the defendant. The evidence of the plaintiff tended to show that he had fully complied with the requirements of the arbitration. The defendant controverted this evidence, it is true; but the issue was one for the jury. The only matter of which the defendant complains, in the exceptions, is that, instead of placing "crickets" above the skylights to turn the water, the plaintiff had bulged the roof at these points. There was evidence tending to show that this was as effective as the "crickets," and at least that the plaintiff had substantially complied with his contract. In the construction of a building 100x200 feet, costing over $13,000, this conclusion does not appear unreasonable.

In 6 R. C. L. 966, it is said:

"When a building contractor has substantially performed his contract, he ordinarily may recover the contract price, less a deduction to reimburse or compensate the owner for the contractor's failure fully to complete his contract."

See, also, 13. C. J., 690.

Even if the action was prematurely brought, as held in the leading opinion, that would not justify the direction of a verdict in favor of the defendant in an action upon the contract, which would bar the plaintiff from ever recovering anything. At most, the plaintiff was subject to be nonsuited.

And further, it should have been left to the jury to say whether or not the defendant, by accepting the possession of the building and occupying it for more than four years, had waived the strict terms of the contract. *Smith v. Alker,* 102 N. Y., 87; 5 N. E., 791. This certainly was enough to defeat the motion for a directed verdict, or even for a nonsuit.

The judgment is affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE FRASER: I dissent. I think a man may contract to fully perform his contract before he shall be entitled to receive his final payment. Leonard did so contract, and I think he should be required to perform his contract.

MR. CHIEF JUSTICE GARY did not participate.