(34 Misc. Rep. 652.)

NATIONAL CONTRACTING CO. v. HUDSON RIVER WATER-POWER CO.

(Supreme Court, Special Term, New York County. April, 1901.)

1. CONTRACT—VALIDITY—PUBLIC POLICY.

A contract provided that the engineers employed on the work should "be referees in all cases to determine all the questions that may arise * * * and decide all questions that may arise relative to the fulfillment of this work." *Held* void as against public policy.

2. SAME—ACTION FOR BREACH—DEFENSES.

Where a contractor sues on a contract, a defense based on the failure of the contractor to obtain any decision of the engineers on the work as to material terms in dispute is demurrable, the provision in the contract as to reference to the engineers being void.

Action by the National Contracting Company against the Hudson River Water-Power Company. Demurrer to answer sustained.

Kellogg & Rose, for plaintiff.
Augustus N. Hand, for defendant.

LAWRENCE, J. The action is brought by the plaintiff to recover the sum of $615,548.32 as damages for breach of a contract entered into between the plaintiff and the defendant for the building of a masonry dam across the Hudson river in the townships of Moreau and Luzerne, in the counties of Saratoga and Warren, N. Y., at a point about five miles down the river from the dam at Palmer's Falls. The breaches alleged on the part of the defendant are the failure to make payments as provided by the terms of the contract, and in preventing the building of a masonry dam, as required by the terms of the contract, and insisting on the substitution of a dam fundamentally different from the one contracted for, to wit, a dam partly of earth and partly of masonry. The answer sets up three affirmative defenses. The only one of those defenses which requires consideration in disposing of this case is that contained in paragraph 3 of the answer, which states that by the terms of the con-

[1] But see 58 N. E. 133.

tract between the parties it was, among other things, expressly provided and agreed as follows:

"To prevent all disputes and litigation, it is further agreed by and between the parties to this contract that the engineers, William Barclay Parsons, or H. de B. Parsons, or their successors, either or both of them, shall be referee in all cases to determine all the questions that may in any way arise under this contract, and the amount or the quantity of the work which is to be paid for under this contract, and to decide all questions which may arise relative to the fulfillment of this contract on the part of the contractor; and the findings, estimates, and decisions of said engineers, or either of them, shall be final and conclusive. * * * That the plaintiff neither obtained nor requested any finding, estimate, or decision of the engineers aforesaid, or either of them, nor has requested this defendant to obtain the same, or to submit any of the matters in question to them."

To that defense the plaintiff interposes a demurrer on the ground of insufficiency. The plaintiff claims that the clause in question is one which ousts the court of jurisdiction, and is void by public policy, and cites in support of that view the case of Haggart v. Morgan, 5 N. Y. 422, 55 Am. Dec. 350, in which it was held that a clause which provides that all disputes which should arise should be settled forthwith by arbitration ousted the court of jurisdiction, and was no bar to an action. He also cites the case of President, etc., of Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250, in which case the court said:

"The agreement before the court in Haggart against Morgan was that all disputes which should arise should be settled forthwith by arbitration, and therefore, if valid, would have ousted the courts of all jurisdiction; and, within the settled rule, was held no bar to an action, the agreement to arbitrate only entitling the party to damages. These are all the cases from our own courts that need be referred to. The distinction between the two classes of cases is marked and well defined. In one class the parties undertake, by an independent covenant or agreement, to provide for an adjustment and settlement of all disputes and differences by arbitration, to the exclusion of the courts; and in the other they merely, by the same agreement which creates the liability and gives the right, qualify the right by providing that, before a right of action shall accrue, certain facts shall be determined, or amounts and values ascertained,—and this makes a condition precedent, either in terms or by necessary implication."

I do not think that the present case falls within the exception or distinction made in the case of President, etc., of Delaware & H. Canal Co., supra, for the reason that in this case it is provided that, "to prevent all disputes and litigation, * * * all questions that may in any way arise under this contract * * * and to decide all questions which may arise relative to the fulfillment of this contract, shall be referred to the engineers Parsons to determine." The case seems to me to come directly within the principle laid down in Haggart v. Morgan, and recognized in the Delaware & H. Canal Co. Case. See, also, Van Note v. Cook, 55 App. Div. 55, 66 N. Y. Supp. 1003; Keeffe v. Society, 4 App. Div. 392, 38 N. Y. Supp. 854. I do not regard this as a case which provides merely for the adjustment of certain disputes, or the ascertainment of values or quantities. The object of the provision in the contract is clearly to make the engineers the absolute and final arbiters as to all questions arising between the parties. This, under all the authorities, cannot be done. For these reasons I am of the opinion that there should be judgment

upon the demurrer in favor of the plaintiff, with leave to the defendant to answer upon payment of costs.

Judgment upon demurrer in favor of plaintiff, with leave to defendant to answer upon payment of costs.