In re HUDSON RIVER WATER POWER CO.

(District Court, N. D. New York. November 26, 1906.)

BANKRUPTCY—INVOLUNTARY PROCEEDING—CONSTRUCTION OF STIPULATION AND ORDER.

A petition in involuntary bankruptcy was filed against a corporation by another corporation which had obtained a judgment against the alleged bankrupt in a state court for breach of contract. Pending a hearing on the petition and also an appeal from such judgment, a stipulation was entered into by all the parties in interest pursuant to which the court of bankruptcy made an order requiring the alleged bankrupt to deposit, with trustees named, certain money and securities to be held as security for the petitioner's claim and any final judgment it might obtain thereon in the state court, the bankruptcy proceedings in the meantime being held in abeyance. Held, that such stipulation and order contemplated that the deposit should stand as security for petitioner's claim until its merits were finally passed upon and determined by the appellate courts of the state in

case the questions involved should be taken there, and that it would not be released to the alleged bankrupt because of a reversal of the petitioner's judgment by the appellate court and the rendition of a judgment against it on a new trial from which it had taken an appeal.

In Bankruptcy.

This is a motion on order to show cause why the above alleged bankrupt, Hudson River Water Power Company, and all the persons and property occupying the position of surety or security in the premises should not be relieved from the further performance of an order of this court, made July 19, 1905, as subsequently modified by stipulation and order, and also why all cash and bonds now in the hands of the special trustee or trust company pursuant to the said order of this court, and the stipulation and agreement upon which same was made, should not be paid over and delivered up to the said Hudson River Water Power Company, and also why the proceedings in bankruptcy now pending against the said Hudson River Water Power Company should not be dismissed and terminated. The motion on the order to show cause asks such other or further relief or both in the premises as shall be just and proper.

George B. Curtiss and Richard Lockhart Hand, for the motion. Kellogg & Rose, opposed.

RAY, District Judge. Prior to the filing of the petition in bankruptcy, the National Contracting Company, the main petitioning creditor, entered into a written contract with the Hudson River Water Power Company whereby it agreed to construct for the latter company a masonry dam across the Hudson river at a designated point in consideration of certain compensation to be paid from time to time, and which was to be ascertained in certain ways with certain named prices for work as a basis.

The contracting company entered on the performance of the contract, and in all respects complied with its requirements down to a time when the Hudson River Company undertook to make certain changes in the form and material of the dam, viz., by substituting an earth dam with a masonry core for the masonry dam the contracting company had agreed to build. The officers of the Hudson River Company claimed and asserted to the contracting company that it had decided to make, and had made, the change, and demanded and required that the contracting company proceed with and complete the work in accordance with the changed or new plans and specifications. The contracting company denied the right of the Hudson River Company to make these changes or require it to proceed under and in accordance therewith, insisting that the changes were fundamental and made a new contract, one they had not assented to, one the parties had mutually agreed they would not make. The contracting company insisted that, while it had agreed to changes in form and material such as the Hudson River Company might from time to time determine upon, still, these were limited to changes, etc., and material in the construction of a masonry dam, and did not authorize the substitution of an earth dam with a mere core of masonry. The Hudson River Company insisting and demanding the new construction, and, in effect, forbidding the construction in any other way, the contracting company insisted the Hudson River Company had broken the contract, and thereupon aban-

doned the work and sued in the Supreme Court of the state of New York for damages for the alleged breach and for the amount due it for work done under the agreement.

The defendant, Hudson River Company, denied a breach on its part, and alleged a breach by the plaintiff, the contracting company, and counterclaimed its alleged damages. A trial of the action before Ex-Judge Bookstaver as referee resulted in a judgment in favor of the National Contracting Company against the Hudson River Water Power Company on the 12th day of April, 1905, for $517,696.40, of which $97,426.77 was for work done and not paid for.

After the referee had made his report and just before the entry of the judgment, the defendant, Hudson River Water Power Company, mortgaged all its property to certain other companies for about $7,000,000, a sum largely in excess of the value of all its property, real and personal, including all property rights and franchises of every kind and nature. This was not based on any new or present consideration and the contention was that the mortgages were without any consideration whatever. Execution was issued and returned unsatisfied and these proceedings in bankruptcy were then instituted. The mortgagees under the state law immediately procured the appointment of a receiver and purported to take possession of all the property. This court, on the filing of the petition in bankruptcy, duly appointed a receiver who took possession of all the property he could find, but same, including all rights and franchises, was evidently of insufficient value to satisfy any considerable part of the mortgages. A motion was made to dismiss the proceedings and an answer denying insolvency was interposed, and it was also denied that the petitioners were creditors, etc. This court appointed a special master to take evidence and report the facts. A large amount of evidence was taken and reported to the court, and the matter was about to be submitted on argument when the petitioning creditors and the alleged bankrupt and all directly interested in the proceeding entered into a stipulation and agreement, in substance that, pending the final adjudication and determination in the state courts of the claim of the National Contracting Company against the said Hudson River Water Power Company, certain moneys and securities should be placed and left with a designated person and trust company, appointed and approved by this court, as security for such claim and any judgment the contracting company might obtain against the Hudson River Company thereon. The money, etc., so deposited is to be applied to the payment of the claim or to the payment of such part of it, if any, as the contracting company may be adjudged entitled to. An appeal by the Hudson River Company from the judgment first mentioned establishing such claim was then pending, and the stipulation expressly covered the contingency of a reversal and the granting of a new trial and of a protracted litigation over the claim with possible varying results in the different appellate courts. It was expressly contemplated by the parties and by the court, in making its order ratifying and approving the stipulation and agreement, that the judgment might be reversed; that a result adverse to the National Contracting Company might be reached on a new trial in the trial court and that appeals might be necessary, and even a third trial had

and appeals taken from any judgment then obtained, before a final determination was arrived at. All these contingencies were considered and provided for by the general terms of the stipulation. The heart of the whole agreement was that the deposit should stand as security for the claim until its merits were finally passed upon and determined by the appellate courts in case the questions involved should be taken there. The National Contracting Company was not to be paid from the deposit in case a new or second trial, if granted, resulted in a judgment in its favor unless the appellate courts affirmed the judgment. if taken there for review; nor was the deposit to be released in case a second or new trial, if granted, resulted in a decision adverse to the contracting company, unless such determination should be affirmed in case an appeal was taken. The obligations were mutual, and were intended to be, and the final determination of the litigation was to settle the question of either the release of the deposit or its appropriation to the payment of the claim. This is the only fair and logical construction and interpretation of the stipulation and order. Such was the understanding of this court after a full and fair hearing as to the stipulation and its purpose. On the making and filing of the stipulation and of the order of this court approving same, and, pursuant to its terms, the receiver appointed by this court was discharged and the Hudson River Company was restored to and resumed full control of its property and business, and the bankruptcy proceeding was and has been held in abeyance pending the final determination of such claim. On the appeal from the judgment, it was reversed, and a new trial ordered. On the new trial the referee, Hon. Alton B. Parker, has held that there was no breach of the contract by the Hudson River Company and that there was a breach by the National Contracting Company, and, on its counterclaim for damages, he has given the defendant, Hudson River Water Power Company, an affirmative judgment for damages to the amount of $383,352.60 besides costs. From this judgment the petitioning creditor and claimant, the National Contracting Company, has taken an appeal to the Appellate Division, First Department, and such appeal, prosecuted with due diligence, is pending and undetermined.

In the action between the construction company and the Hudson River Company the defendant denies breach of the contract by it, and alleges breach of the contract by plaintiff, and that the contract provided in express terms for a reference of all disputes between the two companies and of all questions arising under the contract to a referee or referees named, and that plaintiff has not sought, offered, or tendered a submission of the disputes and questions referred to such referees, and that such reference has not been refused, and hence plaintiff cannot maintain the action. To this last defense a demurrer was interposed by plaintiff, but it was overruled by the court of last resort, the Court of Appeals of the state of New York. Leave to withdraw the demurrer was not then given and the parties went to the trial of the action with that adjudication on the demurrer. It was contended by defendant that this adjudication determined the action as the demurrer, not withdrawn, admitted the facts stated in that defense and that the admission stood upon the record, and the judgment of the Court of Appeals was a final determination that the facts pleaded and

admitted by the demurrer were a complete defense to the action, and that, therefore, the trial court should dismiss the complaint. This contention finally prevailed, whereupon the plaintiff, National Contracting Company, obtained leave to withdraw the demurrer, which was done on payment of costs, and the parties went to trial before the referee, Hon. Alton B. Parker, on all the issues framed with the demurrer or admission out of the case. In passing on the question of the sufficiency of the defense as to the reference of disputed questions to the referee named, the Court of Appeals expressly stated that the whole contract was not before it, and therefore passed upon its effect in this respect from the standpoint of the pleadings alone, and has not passed on the question whether or not, taking into consideration the whole contract as it reads, the plaintiff cannot maintain this action but must resort to the reference provided for by the contract. Nor has this question been passed on adversely to the plaintiff by the Appellate Division. Nor, as the evidence now stands, and as the facts are found by the learned referee, has either the Appellate Division or the Court of Appeals adjudged or held that the National Contracting Company has been guilty of a breach of the contract either in not resorting to a reference of the questions to the referee or in abandoning the work under the circumstances or in doing both. Nor has either court held that, under the facts as they now appear and are found by the learned referee, the defendant Hudson River Water Power Company, the defendant in that suit and alleged bankrupt, was not guilty of a breach of the contract, or that the National Contracting Company has not a good and valid claim against the Hudson River Company.

Again, suppose the pending suit goes off on the proposition that the remedy of the contracting company is to resort to the reference, is it too late for it to avail itself of that remedy? There can be no claim that the stipulation and agreement was entered into, and the order of the court made, under any misapprehension of the law or of the facts. All were well known and fully considered, both by the parties and by this court. There was no fraud, coercion, or concealment. It was a voluntary stipulation and the Hudson River Water Power Company and the other parties were represented by able atttorneys of record and by eminent and able counsel. As the case stood, this court had full power to determine all the facts and adjudicate the questions of the validity or invalidity of the claim. The petitioner, National Contracting Company, accepted the stipulation and the remedies under it and took its security, which action changed its situation and it is impossible to restore the parties to their former status, rights, and remedies. Using a common expression, the fact that "the boot is on the other leg" at present is not a good reason for depriving the National Contracting Company of its security. Should it succeed in the suit, if that is done, its claim would be worthless or uncollectible.

If it clearly appeared now that the National Contracting Company has no claim I would relieve the Hudson River Company from the stipulation. But such is not the case. First, even should it be held the pending action cannot be maintained because resort was not had to the reference provided for in the contract, may not the contracting

company then resort to the reference? The action may be dismissed for the reason solely that such is the remedy, without passing on the question whether or not either party has broken the contract. Second, as the referee finds the facts, it is a close question whether or not a breach of contract by Hudson River Company is not shown. It is found, in substance, that the contracting company was required by one or more of defendant's officers and by its agents to go on and do the work in accordance with alleged or proposed amended and changed plans and specifications when they had not, in fact, been adopted by the defendant company. These proposed changes were objected to as not permissible, as constituting a fundamental change in the contract, as making a new contract, one the parties had agreed they would not make, and plaintiff claims the reference provided for in the contract has no application in any event to such a question. True, the contracting company did not know the Hudson River Company had not adopted the specifications, etc., it was required by the officers of the company to follow in completing the work. What effect this will have in determining the case is for the courts of the state to say. On the trial it was substantially conceded that the mode and manner of doing the work, and the material to be used, demanded by the alleged changed plans, had not in fact been adopted by the Hudson River Company. The learned referee finds that the work was completed by the Hudson River Company in accordance with the original plans and specifications named in the contract, for the reason the others were never adopted by the company. In fact, had the contracting company done the work as demanded, it would have done so in violation of the contract and would have been compelled to justify its action on the theory it had obeyed the unauthorized instructions and demands of the officers and agents of the Hudson River Company. It is sufficient to say that neither the Appellate Division nor the Court of Appeals has ever passed on any phase of the case as now presented. Without going further into the subject it is sufficient to say that the claimant and petitioner in the bankruptcy proceedings, plaintiff in such action, has the right, under the stipulation and order, to have a final determination and adjudication of the claim in the Supreme Court of the state of New York, at least, before the security is released.

The application is denied with leave to renew on the same papers and additional proceedings in the case when the Appellate Division has passed on the questions involved. In the meantime, further performance under the stipulation is suspended by continuing the order made in that regard in force until the decision of the Appellate Division is rendered.