### GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al.
(two cases).

### NATIONAL CONTRACTING CO. et al. v. GAY et al.

(Circuit Court, N. D. New York.  January 6, 1911.)

RECEIVERS (§ 188*)—APPEAL—SECURITY.

Where, pending insolvency proceedings against a corporation, a claimant instituted an action to recover damages for breach of contract, and its right to recover had been once sustained by the New York Court of Appeals, and damages in amounts, ranging from more than $500,000 in the first trial to $310,036.12 in the third trial, had been allowed by various referees of high standing, and pending such proceedings not only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·the corporation but its sureties on a bond given to pay the judgment finally recovered, if any, had become insolvent, and the corporation, after decision of the first referee, but before judgment entered thereon, had placed a second mortgage on all its assets, which the claimant claimed was in fraud of its rights, the corporation's receivers would not be permitted to prosecute a further appeal from the last judgment entered on the last report of the referee in favor of claimant to the Court of Appeals at the instance of the bondholders under such second mortgage, unless such bondholders would give security to both the claimant and the receivers to pay the costs and expenses of the appeal.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 378; Dec. Dig. · § 188.*]

Insolvency proceedings by Eben H. Gay and another against the Hudson River Electric Power Company and others, and by the Knickerbocker Trust Company, as trustee and cross-complainant, against Gay and others, in which the National Contracting Company and others intervened for the collection of a judgment against the Hudson River Company. Certain bondholders having induced the receivers to perfect an appeal, the National Contracting Company applied for an order directing the receivers to withdraw the appeal, or in case such relief was denied that they be required to give security for the payment of any judgment that might be finally rendered, or for costs and expenses of the appeal. Order for security from the bondholders allowed, and, in default thereof, that the appeal be withdrawn..

See, also, 182 Fed. 904.

Motion by cross-complainants, the National Contracting Company et al., in the above-entitled actions for an order directing that the Hudson River Water Power Company or its receivers, George W. Dunn, Charles W. Andrews, and Milton De Lano, as receivers of the said company, withdraw the appeal of the Hudson River Water Power Company from the judgment entered against it December 23, 1909, in favor of the National Contracting Company for the sum of $323,387.55, or that there be deposited with some trust company or with this court the sum of $385,023.62, the amount paid over by the special trustee and Standard Trust Company July 30, 1907, pursuant to an order of court filed July 29, 1907, or such portion thereof as will satisfy the above-named judgment, or that a bond be given sufficient to secure the National Contracting Company in the collection of the said judgment, and for such further order and relief as may be just and proper.

Kellogg & Rose, for National Contracting Co.

Tyler & Young, for Boston Bondholders Committee.

Winthrop & Stimson, for Guaranty Trust Co. of New York, formerly Morton Trust Company.

RAY, District Judge (after stating the facts as above). The first trial on the merits of the action brought by the National Contracting Company against the Hudson River Water Power Company, December 8, 1900, resulted in a judgment, April 4, 1905, of $554,680.43 for the plaintiff. The second trial resulted in a judgment, September 24, 1906, of. $386,185.07 for the defendant on its counterclaim with a finding of $312,426.77 in favor of the plaintiff in case the law of the case as it might be settled by the appellate court gave to the plaintiff, and not the defendant, a cause of action. Ex-Judge Alton B. Parker, the referee, in substance stated that he had made the findings

of fact as to damages thus complete and comprehensive so that, in case the higher court should find that under the law the plaintiff was entitled to recover, judgment could be given in its favor without the expense and delay of a new trial. The Court of Appeals reversed this judgment in favor of the defendant, holding the plaintiff was right on the law of the case, but sent it back for a new trial. The case was thereupon referred to a new referee, Mr. Rushmore, who has found in favor of the National Contracting Company and fixed its damages at $310,036.12, and a judgment for $323,387.55, December 23, 1909, was entered.

The first affirmative judgment for plaintiff was for $554,680.43. The second affirmative judgment for plaintiff is for $323,387.55.

The intermediate finding as to plaintiff's damages was, if plaintiff was entitled to recover, $312,426.77.

The present finding is the most favorable of the three to the Hudson River Water Power Company. The receivers were appointed shortly after the last decision of the Court of Appeals and before the third trial had progressed far.

This court was at first under the impression that that trial was to be a mere assessment of damages, but, on the statement of Mr. Augustus N. Hand, supported by that of his father, Richard L. Hand, both eminent and reliable members of the bar and both engaged in the former trials, confirmed by Mr. Curtiss, one of the counsel for the receivers, became satisfied that relying on the question or questions of law, in which they had every confidence, they had not given that thorough attention to the question of plaintiff's alleged damages they otherwise would have done. This court thereupon directed the employment of Mr. Richard L. and Mr. Augustus N. Hand to act with Mr. Curtiss in defending the suit, which was done with instructions to employ necessary expert witnesses and contest the case thoroughly on both the law and the facts. This too was done.

On the written request of Tyler & Young, of Boston, representing varied and diverse and in some cases apparently conflicting interests, Mr. Curtiss, attorney of record under the receivers, has taken and perfected an appeal by direction of the receivers. Mr. Curtiss states in an affidavit that in his opinion a finding on an item of damage allowed the plaintiff by Mr. Rushmore for something like $133,000 is not sustained by the evidence, and that there are other items which "might possibly be reversed by the Appellate Division" of the Supreme Court.

I have given the record careful perusal and consideration, including the opinions of the Court of Appeals and those of the referees and Appellate Division, and am of the decided opinion that the decision of the Court of Appeals is decisive except on the question of the amount of damages, with which it did not deal, and the chance of reducing damages is quite remote.

The plaintiff the National Contracting Company moves for an order directing the receivers to discontinue the appeal as without merit in view of the prior decisions and findings and of the last decision of the Court of Appeals and that of Referee Rushmore, or that, if the

appeal·is continued, security be given for the payment of the judg-
ment, or at least costs, etc., incurred hereafter, and that a deposit be
made for reasons hereafter stated. The cause of action is for dam-
ages by reason of the breach by the Hudson River Water Power Com-
pany of its contract with said National Contracting Company for the
construction by it of the dam at Spiers Falls on the Hudson river. At
the time of the breach of contract complained of and for which dam-
ages have been awarded as stated, the Hudson River Water Power
Company had mortgaged its properties in the sum of $2,000,000 to
secure certain issues of bonds. The property is good, it is conceded,
for this sum and much more. The National Contracting Company
claims that its judgment is good and collectible, but that it will be
necessary to set aside a certain other mortgage for some $5,000,000
given to secure an issue of bonds of about that amount of the Hud-
son River Electric Power Company, but which it is claimed was given
in fraud of creditors, especially of the said National Contracting Com-
pany. This last-mentioned mortgage was given a few days after the
announcement of the decision, that of Judge Bookstaver, in favor of
the Contracting Company, but before judgment was entered. The
first mortgage is ·now in process of foreclosure. This default is the
act·of the court under circumstances and conditions not necessary to
detail. This act was the result of a bitter and acrimonious conten-
tion ·that it was necessary to the protection of the various bondhold-
ers. Four days before the first judgment of $554,680.43 was entered
(on the decision of Judge Bookstaver), but four days after that de-
cision was rendered, the Hudson River Water Power Company gave
a mortgage of $5,000,000 to the Knickerbocker Trust Company to se-
cure bonds to that amount issued by the Hudson River Electric Pow-
er Company. This mortgage is claimed to be void as to creditors.

May 10, 1905, and about 30 days after the entry of the said judg-
ment in favor of the National Contracting Company—execution hav-
ing been returned unsatisfied—a petition in bankruptcy was filed
against said Hudson River Water Power Company in the court of
bankruptcy, Northern district of New York, and a receiver of the
property of said company was appointed. To obstruct this proceeding
the company itself instituted, or caused to be instituted, certain in-
solvency proceedings in the state court, and a receiver was there ap-
pointed who refused to surrender the property of the Hudson River
Water. Power Company. Thereupon contempt proceedings were in-
stituted and a motion made to dismiss the bankruptcy proceedings for
want of jurisdiction and on the ground only two creditors had united
in the petition and possibly on other grounds. The property was
turned over·to the receiver appointed by the bankruptcy court. A
master was duly appointed to take evidence and on the coming in of
his report, or possibly before it was made, but after the evidence was
taken, a settlement was arranged and a stipulation made in open court,
reduced to writing and filed, and an order of the court made approv-
ing same, and in accordance therewith, whereby it was stipulated and
agreed that, "in order to relieve the property of the Hudson River
Water Power Company from the custody and control of the receiver

heretofore appointed and to have such receiver discharged," by July 19, 1905, $250,000 cash was to be deposited by said company with a trustee named by the court; that the agreement of the said Hudson River Water Power Company to pay such trustee $15,000 on the 20th of each month and certain security to issue such payment was to be delivered to said trustee; that a bond should be given by said company to such trustee named by the court with Eugene L. Ashley and Eben H. Gay as sureties conditioned to pay the claim of the National Contracting Company secured by bonds of the Hudson River Electric Power Company to a certain amount, same to be delivered to the said trustee; also an agreement of E. H. Gay & Co. to take up such bonds so that the trustee would have in his hands the full amount of the judgment. This agreement and stipulation further provided for the substitution of cash for the bonds deposited as security, and further that:

"All of the moneys, bonds, securities or agreements hereinbefore mentioned to be held by the said trustee as security for the payment of the judgment or claim of the National Contracting Company against the Hudson River Water Power Company, and when said judgment is finally established or the claim is finally determined or settled said money or so much thereof as may be necessary is to be applied to the payment of such claim."

The accounts of the receiver were to be settled and the papers and exhibits in the hands of the receiver to be returned to the company and kept subject to the order of the bankruptcy court and the property turned back. The injunction on the Hudson River Water Power Company was to be dissolved, but to stand as to the Hudson River Electric Power Company and the receiver appointed in the state court. It was also stipulated that, if at any time a judgment was obtained against the Hudson River Water Power Company, and not secured or paid within 30 days, then the said court in bankruptcy might appoint a receiver. There were other stipulations not pertinent here.

This stipulation was signed by the Hudson River Water Power Company by Eugene L. Ashley, president, and Eben H. Gay, treasurer, and by Taylor L. Arms and Geo. B. Curtiss, their counsel, and also by said Ashley and Gay personally.

The motion to dismiss the proceedings in bankruptcy was denied and the deposits made and the bond given and the injunction dissolved, the receiver discharged, and the property, books, and papers turned back to the company.

The Hudson River Water Power Company prosecuted an appeal from the said judgment, and same was reversed by the Appellate Division of the Supreme Court of the state of New York (National Contracting Company v. Hudson River Water Power Company, 110 App. Div. 133, 97 N. Y. Supp. 92) on the ground the defendant was entitled to a judgment dismissing the complaint based on the following proceedings in the case which had taken place prior to any trial on the merits, viz.: In its answer the defendant set up and pleaded three defenses. The plaintiff replied as to the first and second defenses, but demurred as to the third, thus admitting the facts in that defense stated. The Special Term sustained the demurrer (34 Misc.

Rep. 652, 70 N. Y. Supp. 585), the Appellate Division affirmed (67 App. Div. 620, 73 N. Y. Supp. 1142), but the Court of Appeals reversed and overruled the demurrer. No application was made at that time for leave to withdraw the demurrer and plead to the third defense, and the judgment of the Court of Appeals was made the judgment of the Supreme Court, and the case went to trial before Referee Bookstaver with the pleadings in that shape; that is, with a demurrer in the case to the third defense admitting the allegations of fact therein contained. Under the Code of Civil Procedure of the state of New York, as held by the Appellate Division, this entitled defendant to a dismissal of the complaint. The Appellate Division having reversed that judgment on that ground, the plaintiff National Contracting Company applied to the Court of Appeals for an amended remittitur, and the motion was so far granted as to permit the plaintiff to apply to the Supreme Court for permission to withdraw its demurrer, which it did, and the motion was granted on payment of costs, and the demurrer was withdrawn. The case was then referred to Ex-Judge Alton B. Parker.

The following statement will show the various events in this case in order, viz.:

Chronological Events in Suit of National Contracting Company v. Hudson River Water Power Company.

1900.

Dec. 8. Action commenced for balance due for work done on contract, and damages for breach of same, $615,548.32.

1901.

Feb. 13. Answer served with a counterclaim subsequently increased to $383,-352.60.

Feb. 23. Reply and demurrer to third defense.

May 2. Demurrer sustained by Special Term (34 Misc. Rep. 652, 70 N. Y. Supp. 585).

Dec. 24. Judgment on demurrer affirmed by Appellate Division (67 App. Div. 620, 73 N. Y. Supp. 1142).

1902.

April 8. Demurrer overruled by Court of Appeals (170 N. Y. 439, 63 N. E. 450).

June 4. On decision of Court of Appeals made April 8, 1902, on appeal demurrer was overruled. Held good on face, but demurrer subsequently withdrawn by leave of court, but not until after trial before Judge Bookstaver.

1903.

April 23. Case referred to H. W. Bookstaver.

1905.

April 4. Decision by Judge Bookstaver for plaintiff, damages $547,696.40.

April 8. Hudson River Water Power Company, after above decision, but before judgment was entered, gave mortgage to Knickerbocker Trust Company to guarantee and secure the bonds of the Hudson River Electric Power Company, up to $5,000,000.

April 10. Said Water Power Company gave another mortgage of $2,000,000 to secure an alleged debt.

April 12. Judgment for plaintiff, $554,680.43.

April 17. Execution on said judgment issued and returned unsatisfied.

May 10. In United States District Court, petition in bankruptcy filed against Hudson River Water Power Company and Chas. W. Andrews, of Syracuse, N. Y., appointed receiver.

Contempt proceedings to obtain property.

July 19. Stipulation made and order entered thereon by which property held by receiver was to be released on money and bonds being deposited, and bond of E. L. Ashley and Eben H. Gay given as security for the payment of the claim when finally adjudicated, not the judgment merely. Bankruptcy proceedings to stand.

1906.

Jan. 2. Judgment of Appellate Division reversing said judgment for plaintiff, and new trial granted (110 App. Div. 133, 97 N. Y. Supp. 92). This decision went on the ground that plaintiff had not withdrawn demurrer, and, as it had been held good, and admitted the facts stated in that defense, defendant was entitled to a dismissal, whereupon plaintiff obtained leave to withdraw demurrer, and did so, and answered to that defense. Referred to Hon. A. B. Parker as referee to hear and determine.

Sept. 24. Judgment for defendant on its counterclaim on decision of Judge Parker, for $386,185.07, he following what appeared to be the decision of the Court of Appeals on the law when considering the demurrer; but he also found plaintiff's damages to be $312,426.-77 in case he (the referee) was in error in construing the decision of Court of Appeals, made when demurrer before it, and the court should hold plaintiff was entitled to recover.

Nov. 26. Decision of court in bankruptcy refusing to release security (In re Hudson R. W. Pr. Co. [D. C.] 148 Fed. 877).

Dec. 28. Order of bankruptcy court releasing all of deposit except $379,750.

1907.

April 15. On stipulation reducing the judgment for defendant to $287.253.68, such judgment for defendant was affirmed by the Appellate Division (118 App. Div. 665, 103 N. Y. Supp. 641).

July 19. Order of bankruptcy court releasing the balance of deposit made under stipulation as security for the claim. Also order made denying motion to dismiss the bankruptcy proceedings, with leave to renew after a decision by Court of Appeals on appeal from said judgment in favor of the Hudson River Water Power Co. v. National Contracting Co.

1908.

May 19. Judgment in favor of the defendant in the action on its counterclaim reversed by Court of Appeals and May 22, 1908, that judgment of reversal was made the judgment of the Supreme Court (192 N. Y. 209, 84 N. E. 965); the Court of Appeals holding that the change in the work directed and insisted upon by the Hudson River Water Power Company was a fundamental change and justified the plaintiff in abandoning the work—in substance that defendant, not the plaintiff, was guilty of a breach of the contract.

1909.

Dec. 1. Decision for the plaintiff against Hudson River Water Power Company by Chas. E. Rushmore, referee, finding plaintiff's damages at the sum of $310,036.12.

Dec. 23. Judgment on such decision in favor of National Contracting Co. v. Hudson River Water Power Co. for the sum of $323,387.55.

1910.

Jan. 20. Appeal taken by receivers without direction of the court.

It is noted that there have been three trials on the merits, viz.: One before Referee Hon. H. W. Bookstaver, who found plaintiff's damages to be $547,696.40; one before Referee Hon. A. B. Parker, who found plaintiff's damages to be $312,426.77; and the third before Referee Hon. Chas. E. Rushmore, who has fixed plaintiff's damages at the sum of $310,036.12.

The litigation, as shown, has covered a period of ten years. The case has been twice in the Court of Appeals, once on a demurrer to one of the defenses, and once on the merits when the law was settled,

and three times in the Appellate Division. I have referred to these various decisions and to the book where reported in the above chronological statement.

In the courts of the state of New York there is a settled rule that when a case has been three times tried and a verdict rendered on a question of negligence and damages, and as often set aside as against the weight of or as unsupported by the evidence, the court will not again interfere. Here the findings of the several referees in favor of the plaintiff have not been disturbed on the ground the damages were excessive or not supported by the evidence in whole or in part, and three referees, all of the highest character and standing in the profession, have placed the plaintiff's damages all the way from $310,036.12 up to $547,696.40. This is quite conclusive evidence that the plaintiff's damages as now fixed by the judgment have been reduced to the lowest figure possible. Courts, referees, and juries, respectively, rarely·arrive at the same conclusion on the same evidence as to the amount of damages where successive trials are had.

The defendant Hudson River Water Power Company is now insolvent, and all its property will be taken by the bondholders if all the mortgages referred to are held valid. The plaintiff has no security whatever; the bond of Ashley and Gay being worthless, or substantially so, and the deposit made having been surrendered to Gay, treasurer of the Hudson River Water Power Company, by order of the bankruptcy court, and a motion to restore having been denied after the last decision of the Court of Appeals but prior to the fixing of plaintiff's damages by the new trial before Referee Rushmore with leave to renew after such decision should be rendered. At that time it was represented and believed by the court at least that the Hudson River Water Power Company was solvent, and that Gay and Ashley were solvent and of sufficient ability to answer to the plaintiff on their bond. But now the situation is changed. Both Gay and Ashley are hopelessly insolvent, as is the Hudson River Water Power Company. The property of Gay is in the hands of a trustee in bankruptcy, and that of the Hudson River Water Power Company is in the hands of receivers appointed by this court, and the mortgages are being foreclosed. I do not see how this court can order a restoration of the deposit from the property of that company to answer the stipulation and agreement. If the National Contracting Company has an equity, an equitable lien, or a right of priority, it seems to me it can be determined and established on the cross-bill filed by it, and that the court should not undertake to establish any such lien on a mere motion.

The only party requesting an appeal from the judgment entered on the decision of Referee Rushmore is Tyler & Young, who represent what is known as the Boston Bondholders Committee which holds or represents a large number of the bonds guaranteed by the mortgage of $5,000,000 given April 8, 1905. The trustee named in that mortgage as· representing the holders of the guaranteed bonds is, of course, interested. I do not see that any other party defendant in this action is interested in the appeal. It seems to me that the expense of all this litigation regarding this claim of the National Con-

tracting Company should be borne by the ones interested in defending it and who request the appeal, and that such party or persons should assume the expense of the appeal and indemnify the receivers before they proceed with it. Then again, in view of the expense the National Contracting Company has been put to, the fact that three referees have found for the plaintiff in large sums as stated, and that the Court of Appeals has virtually held that the plaintiff is entitled to recover, the only real question being the amount of damages, and that the plaintiff has been deprived of its security on the understanding that the company and Ashley and Gay were amply responsible, it would seem that it should have security for all costs and expenses of such appeal at least; the defendant company being wholly irresponsible except in contingencies referred to.

Prima facie the judgment is just and in accordance with law, and this presumption is supported by the prior findings of the referees and the decision of the Court of Appeals. Receivers are officers of the court and under its direction and are not justified in extending litigations into appeals without the sanction of the court. In view of the amount of this judgment and the request made of the receivers, I am inclined to let the appeal stand and direct the receivers to proceed therewith on condition, however, that the Boston Bondholders Committee or the Knickerbocker Trust Company or the parties represented by Tyler & Young and requesting this appeal who are interested in the litigation secure and indemnify by deposit of money in court or bond with sureties to be approved by this court not only the receivers for their costs, expenses, disbursements, and counsel fees on such appeal, so as to charge the expense of such appeal on the one or ones interested in and benefited by the appeal, but the plaintiff the National Contracting Company as well, in case the appeal does not result in the final defeat of the claim of the National Contracting Company. Mr. Richard L. Hand and Mr. Augustus N. Hand have been in this litigation from the first, representing the Hudson River Water Power Company, and the order will provide that such security in the sum of $5,000 to the National Contracting Company and $5,000 to the receivers be given within 15 days from the entry of the order hereon, and that in case it is given that the appeal be prosecuted, and that Mr. Curtiss, Mr. Richard L. Hand, and Mr. Augustus N. Hand be employed by the receivers for that purpose, and that in case such security is not given the appeal will be discontinued or withdrawn. The parties or party requesting this appeal must also understand that its prosecution may involve delay in the pending foreclosures, the responsibility for which they assume in insisting thereon.

There will be an order accordingly.